IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **EMMANUEL UZOMA**, *et al.*, | * |
| Plaintiffs, | * |
| v. | * Civil Case No.: RWT-13-977 |
| **BARCLAYS PLC**, *et al.*, | * |
| Defendants. | * |

## MEMORANDUM OPINION

Pro se Plaintiffs, Emmanuel and Emelia Uzoma, bring this action against the following Defendants: Barclays, PLC; EquiFirst Corp.; JP Morgan Chase Bank, N.A.; The Bank of New York Mellon Trust Co.; Homeq Servicing Corporation; and Statebridge Company, LLC. Plaintiffs assert a variety of claims against Defendants, all of which relate to a mortgage loan the Plaintiffs executed in July 2007. ECF No. 6 at 5-16. The Defendants have filed three Motions to Dismiss and two Motions to Strike Plaintiffs' Surreply. ECF Nos. 13, 14, 37, 42, 43. For the reasons discussed below, the Court will grant the Defendants' motions and dismiss the Plaintiffs' Amended Complaint.

## BACKGROUND

Emmanuel and Emelia Uzoma are residents of Silver Spring, Maryland, in Montgomery County. ECF No. 6 at 4. On July 19, 2007, the Uzomas bought property located at 12912 Acorn Hollow Lane, Silver Spring, Maryland for $529,999, financing the acquisition with a mortgage loan of $476,995 from Equifirst Corporation ("Equifirst") and executing a Deed of Trust as a

1

security interest for repayment of the loan. ECF Nos. 13-3, 13-4.[1] According to land records, the loan was later assigned to The Bank of New York Mellon Trust Company, National Association ("BNYM"), as trustee. ECF No. 13-5. Plaintiffs defaulted on the loan and a foreclosure was docketed on August 26, 2011, in the Circuit Court for Montgomery County. ECF No. 13-7.

Plaintiffs state that on July 17, 2007, Equifirst, acting through its mortgage broker, nonparty All Choice Mortgage, Inc. ("All Choice"), provided Plaintiffs with a good faith estimate indicating that Plaintiffs' loan would be financed at a 7.90% interest rate. ECF No. 6 at 5-6. Plaintiffs claim they "accepted this high interest rate because they had sold their home and [sic] no other place to go." ECF No. 6 at 6. Plaintiffs aver that All Choice provided Plaintiffs with a Truth-In-Lending disclosure statement which stated the interest rate would be 7.90%, consistent with the good faith estimate. ECF No. 6 at 6.

According to the Amended Complaint, "[o]n July 19, 2007, while at the settlement table, Equifirst gave Plaintiffs a Maryland Commitment Agreement . . . stating that the interest rate would be 8.150%, amortizing their loan for 40 years instead of 30." ECF No. 6 at 6. Equifirst also provided Plaintiffs with an Adjustable Rate Note. ECF No. 6 at 6. Plaintiffs claim they were "shocked and paralyzed because they hoped for a fixed interest all along." ECF No. 6 at 6. They contend that, by manipulating the interest rate at the last minute, Defendants "rendered Plaintiffs vulnerable and took advantage of their situation and afforded them no time to compare other credit terms." ECF No. 6 at 7. Plaintiffs also claim that in the course of reviewing their loan documents in connection with the foreclosure action against them, they "discovered that [Defendants] changed their interest rate on the same day [July 19, 2007] on the Truth-In-Lending

---

[1] These documents may be considered at this Rule 12(b)(6) motion to dismiss stage because they are a matter of public record of which the court may take judicial notice or are authentic and integral to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396 (4th Cir. 2006) ("[A] court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed.").

2

Disclosure Statement from 8.150% to 10.193%." ECF No. 6 at 6. According to the Plaintiffs, the Defendants "caused [them] to sign the loan papers under duress to facilitate their fraud," and the Defendants "knew or should have known that this was a predatory loan by the terms of the loan." ECF No. 6 at 6.

The Amended Complaint is difficult to make out at times, but reading it in the light most favorable to the Plaintiffs, it alleges fraud, violation of the Truth in Lending Act ("TILA"), violation of the Real Estate Settlement Procedures Act ("RESPA"), and violation of the Maryland Consumer Protection Act. *See* ECF No. 6

The Uzomas filed their original Complaint in the Circuit Court for Montgomery County, Maryland, on February 26, 2013. ECF No. 2. They subsequently filed an Amended Complaint in that court, ECF No. 6, and the case was removed to this Court on April 2, 2013, ECF No. 1.

On April 9, 2013, Defendant JP Morgan Chase Bank, N.A. ("JP Morgan Chase") filed a Motion to Dismiss the Amended Complaint. ECF No. 13. That same day, Defendants Barclays PLC, Equifirst, Statebridge Company LLC, and BYNM filed a separate Motion to Dismiss. ECF No. 14. Plaintiffs filed Oppositions to each of these motions on May 21 and June 25, 2013, ECF Nos. 30, 33, and Defendants replied on June 7 and July 10, 2013, ECF Nos. 32, 34. On July 26, 2013, Ocwen Loan Servicing, LLC ("Ocwen")[2] filed a Motion to Dismiss. ECF No. 37. Plaintiffs responded on August 16, 2013, ECF No. 39, and Ocwen replied on August 30, 2013, ECF No. 40.

On December 31, 2013, Plaintiffs filed a "Supplement to Plaintiffs' Opposition to All Defendants' Motions to Dismiss," attaching a printed copy of an online news article from The Washington Post about a settlement between JP Morgan Chase and the Justice Department. ECF

---

[2] The Amended Complaint lists one of the Defendants as "HOMEQ Servicing Corporation d/b/a Barclays Capital Real Estate, Inc. and as OCWEN Loan Servicing, LLC." ECF No. 6 at 1.

No. 41. JP Morgan Chase filed a Motion to Strike this filing as an improper surreply on January 8, 2014. ECF No. 42. Ocwen filed a similar Motion to Strike on January 13, 2014. ECF No. 43. The Plaintiffs responded to these motions on January 31, 2014, ECF No. 44, and Ocwen and JP Morgan Chase replied on February 6 and February 7, 2014, respectively, ECF Nos. 45, 46.

Local Rule 105.2.a provides that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." This Court did not grant the Plaintiffs permission to file a surreply, the surreply does not present any new relevant facts or law to the issues before the Court, and under Local Rule 105.2.a, the Defendants' Motions to Strike will be granted.[3]

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "test[s] the sufficiency of a complaint." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). The court must consider all well-pleaded allegations in the complaint as true, *see Albright v. Oliver,* 510 U.S. 266, 268 (1994), and must construe factual allegations "in the light most favorable to the plaintiff," *see Lambeth v. Bd. of Comm'rs of Davidson Cnty.,* 407 F.3d 266, 268 (4th Cir. 2005). A pro se plaintiff is held to a "'less stringent'" standard than a lawyer, and the Court must liberally construe a pro se plaintiff's complaint. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "But where the well-pleaded facts do not permit the court

---

[3] The Court notes, however, that even if the Plaintiffs' surreply were permitted, it would not have altered the Court's decision to grant the Defendants' Motions to Dismiss.

4

to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Simmons & United Mortg. & Loan Invest.,* 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted). "Thus, '[i]n reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville,* 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark,* 561 F.3d 261, 266 (4th Cir. 2009)).

## ANALYSIS

In their Motions to Dismiss, Defendants raise a number of arguments as to why Plaintiffs' Amended Complaint should be dismissed – both generally and as to specific Defendants. Each of the three motions argues that Plaintiffs' claims are time-barred. For the reasons stated below, the Court agrees and will dismiss the Plaintiffs' Amended Complaint on this ground. As a result, the Court finds it unnecessary to address the Defendants' remaining arguments.

By the time the Plaintiffs filed their original Complaint on February 26, 2013, the statute of limitations for each of their claims had already expired. Maryland law provides a three year statute of limitations for civil actions from the date the action accrues. Md. Code Ann., Cts. & Jud. Proc. § 5-101 ("A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced."). This three year limitation applies to Plaintiff's fraud claims, *see Onwumbiko v. JP Morgan Chase Bank, N.A.*, 8:12-CV-01733-AW, 2012 WL 6019497, *2 (D.

Md. Nov. 30, 2012) *aff'd*, 532 F. App'x 404 (4th Cir. 2013),[4] and to Plaintiff's claims under the Maryland Consumer Protection Act, *see Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 749 A.2d 806 (Md. 2000). The Plaintiffs' TILA claims are subject to either a one or three year statute of limitations, *see* 15 U.S.C. § 1640(e), and their RESPA claims are also subject to either a one or three year statute of limitations, *see* 12 U.S.C. § 2614.

Plaintiffs' causes of action accrued on July 19, 2007, "at the settlement table," when Plaintiffs "sign[ed] the loan papers" about which they now complain. ECF No. 6 at 6. Thus, the statute of limitations for the claims asserted in their Amended Complaint, at the latest, would have expired in 2010. Because the Plaintiffs did not file their suit until 2013, their Amended Complaint will be dismissed against all Defendants as time-barred.

The Plaintiffs assert that under Maryland law, a twelve year statute of limitations applies to their fraud claims because the deed of trust was executed under seal. *See* MD. Code Ann., Cts. & Jud. Proc. § 5-102(a).[5] In determining whether the twelve year statute of limitations applies, "a two-step inquiry is required: (1) Is the contract a specialty? (2) Is the cause of action 'on' the specialty?" *Wellington Co., Inc. Profit Sharing Plan & Trust v. Shakiba*, 952 A.2d 328, 344 (Md. Ct. Spec. App. 2008). "Whether a particular action is on a sealed instrument must depend on the

---

[4] The Court takes notice that the Plaintiffs' Amended Complaint in this case appears to be copied in large part from the Second Amended Complaint filed in the *Onwumbiko* case heard by Judge Alexander Williams, Jr.

[5] This statute provides:

> (a) An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:
>
>> (1) Promissory note or other instrument under seal;
>> (2) Bond except a public officer's bond;
>> (3) Judgment;
>> (4) Recognizance;
>> (5) Contract under seal; or
>> (6) Any other specialty.

MD. Code Ann., Cts. & Jud. Proc. § 5-102(a).

character of the action; in order to be within the statute relating to sealed instruments, the action must be brought on the instrument itself, and the instrument cannot be merely an ultimate source of the obligation that the pliantiff [sic] seeks to enforce." *Id.* at 343-44 (quoting 54 C.J.S. *Limitations of Actions* § 54, at 90 (1987)).

The Plaintiffs' allegations in this case "are not on the . . . deed[] of trust." *Master Fin., Inc. v. Crowder*, 972 A.2d 864, 872 (Md. 2009). Indeed, they do not "seek[] to enforce [the deed of trust], or to invalidate or reform [it] based on any alleged imperfection in the instrument[] [itself]." *Id.* As a result, even if the instrument is a specialty, the twelve year statute of limitations does not apply, and Plaintiffs' claims must be dismissed. *See Onwumbiko*, 2012 WL 6019497 at *3 ("Plaintiff's fraud, consumer protection, and fair lending claims are almost entirely based on allegations of false advertising and conspiratorial conduct that is extraneous to the deed of trust.").

## CONCLUSION

The claims in the Plaintiffs' Amended Complaint are time-barred. Accordingly, the Court will grant the Defendants' Motions to Dismiss [ECF Nos. 13, 14, 37] and dismiss the Plaintiffs' Amended Complaint [ECF No. 6]. A separate Order follows.


Date:  March 27, 2014                                         /s/
                                              ROGER W. TITUS
                                              UNITED STATES DISTRICT JUDGE